PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

JORDON METZ, Esq. (SBN 167355)
GOODMAN & METZ
17043 Ventura Blvd.
Encino, CA 91316
(818) 386-2889

Attorneys for Plaintiff:
MARVIN HUEZO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HUEZO,<br><br>     Plaintiff,<br><br>v.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT (Re: Los Angeles Pierce College); DOES 1 through 20, Inclusive,<br><br>     Defendants<br>_____/ | CASE NO. C04-9772 MMM<br><u>Civil Rights</u><br><br>**PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF**<br><br><u>Hearing</u><br><br>Date:  June 16, 2008<br>Time:  10:00 am<br>Judge:  Hon. Margaret M. Morrow<br>Place:  U.S. District Court<br>       255 E. Temple St.<br>       Los Angeles, CA |

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**

1

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................4

II. STATEMENT OF FACTS .....................................................................................5

   A.  Background Information ..............................................................................5

   B.  Status of Case Since The Court's Summary Judgment Order of February 27, 2007 ...................................................................................................................6

III. LEGAL STANDARD FOR PERMANENT INJUNCTION ...........................8

   A.  The Court Has Authority in Equity and Under Federal Law To Issue a Permanent Injunction Requiring Defendant to Comply With Title II of the ADA ....................9

   B.  Plaintiff Has Met All Standards For the Issuing Of A Permanent Injunction Against Defendant ................................................................................10

      1.  The Court's Finding of Facts and Conclusions of Law Provide Authority for Issuing a Permanent Injunction ...................................................10

IV. CONTENTS AND SCOPE OF PLAINTIFF'S REQUEST FOR A PERMANENT INJUNCTION ..........................................................................................12

   A.  Plaintiff Requests that Defendant Prepare A Compliant Self-Evaluation and Transition Plan........................................................................................12

   B.  Plaintiff Requests An Order Requiring Defendant to Make Interim Barrier Removal To Operate Pierce's Programs As Readily Accessible ..............................16

      1.  Interim Modification of Policies and Procedures ...........................................16

      2.  Interim Barrier Removal ..........................................................................22

   C.  Plaintiff Requests A Monitoring Program For the Permanent Injunction............23

V. CONCLUSION ....................................................................................................24

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**

2

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

# TABLE OF AUTHORITIES

## CASES

### FEDERAL

Amoco Production Co. v. Village of Gambell  480 U.S. 531 (1987)........................................9

Big Country Foods, Inc. v. Board of Educ. Of Anchorage School Dist., 868 F.2d 1085 (9th Cir. 1989) ...............................................................................9

Beltran v. Myers. 677 F.2d 1317 (9th Cir. 1982) ....................................................10

California School for the Blind v. Honig 736 F.2d 538 (9th Cir. 1985) ................................10

Clarkson v. Coughlin  898 F.Supp 1019 (N.Y. Dist. 1995) ........................................9

Dare v. California  (9th Cir. 1999) 191 F.3d 1167 ....................................................12

Earth Island v. United States Forest Service 442 F.3d 1147 (9th Cir. 2006) ...........................10

## STATUTES

### FEDERAL

United States Codes
29 USC 794 (a) ..............................................................................................9
42 USC 1981 (a) ...........................................................................................9
42 USC 12133...............................................................................................9

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**

3

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

Plaintiff MARVIN HUEZO ("Marvin" or "Plaintiff") hereby brings his Motion for Permanent Injunction to enjoin the LOS ANGELES COMMUNITY COLLEGE DISTRICT ("Defendant") from continuing to discriminate against persons with disabilities in its programs, services and activities offered at its Pierce College campus, and to undertake interim modification of its policies and complete interim barrier removal to begin operating its programs and services in a manner that is "readily accessible" to persons with disabilities.

## I.   **INTRODUCTION**

Plaintiff's motion for permanent injunction is based on the Court's findings of fact and conclusions of law in its Order Granting Plaintiff's Motion for Partial Summary Judgment,[1] in which the Court found that Defendant has violated Title II of the ADA, resulting in discrimination against Plaintiff and other disabled students on the basis of disability.  Plaintiff requests that the Court enjoin Defendant from continuing to discriminate against persons with disabilities by requiring defendant to evaluate all of the facilities and programs offered at Pierce College, and to remove necessary barriers and modify its policies and procedures to ensure that Pierce is "operating" its programs and services in a manner that is "readily accessible to and usable by" persons with mobility disabilities.

Plaintiff requires the issuance of a Permanent Injunction because without an enforceable Court Order enjoining Defendant to comply with its obligations under Title II, Plaintiff and other similarly disabled persons will continue to be excluded and denied the benefits of defendant's programs, services and activities, including the use of safe and accessible parking, paths of travel on campus to reach classrooms, and accessible classrooms at Pierce College, in violation of Title II of the ADA.[2]

---

[1] Hereinafter, "SJ Order 2/27/07"
[2] See 42 USC §12132.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**                                              4

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

## II.    STATEMENT OF THE CASE

### A.    Background Information

Marvin Huezo stopped to help a motorist on a freeway on June 15, 2003 and his life forever changed as he was crushed by his own car when another car crashed into it.[3]  In an instant, Marvin went from being an active young man to a double-amputee.[4]  Upon returning in a wheelchair to Pierce College, where he had attended prior to his injuries, he found that school policies and the many physical barriers frustrated, humiliated and deterred him from completing his education on an equal footing with the other students.

Marvin, who was now using a wheelchair, found that the classrooms did not have accessible desks, and that the classrooms were not set up to allow him to sit with the other students.[5]  Well-intentioned teachers tried to "help" by placing him in front of the class, facing the other students, where Marvin was humiliated by the unwanted attention.[6]  Marvin requested an accessible table for his architectural class in the Fall of 2003[7], but was ignored, as he was with most of the barriers he identified for Defendant.  It took Defendant more than four years to finally provide Marvin with an accessible drafting table, even though Marvin first asked for a desk in the Fall of **2003**.  Marvin also had difficulty with classes in which special equipment was necessary, such as science labs, which did not have accessible sinks or tables.  Apart from problems in his classrooms, Marvin faced and continues to face significant problems with lack of accessible parking, paths of travel that are incomplete or inaccessible, and defendant's failure to modify policies resulting in a *de facto* policy of removing barriers only when a student requests barrier removal, and often not even then.

At the current time, almost five years since Plaintiff first requested an

---

[3] See Huezo Dec., ¶2
[4] See Huezo Dec., ¶2
[5] Huezo Dec., ¶6
[6] Huezo Dec., ¶6

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctreleif.doc

accessible path of travel so he could reach the Applied Technology Building, and more than a year since the Court's Summary Judgment Order of February 27, 2007 found that Defendant was discriminating against disabled students, Defendant has still not removed barriers that discriminate against disabled students: curbs are still inaccessible; ramps are still too steep and without handrails; classrooms still do not have accessible desks, tables or equipment and the Disabled Students Programs and Services [DSPS] counselors still do not inform disabled students of the "special accommodations" available such as parking card keys to park in the teacher's parking lots, or keys to the Library elevator, and the availability of "shuttle" service to drive students to inaccessible classes, <u>unless</u> a disabled student requests such an accommodation.[8]

Plaintiff is still facing pervasive barriers at Pierce College. Defendant continues to delay barrier removal, and has still not agreed to remove a single barrier, or modify any policies and procedures to serve disabled students. Plaintiff requires an enforceable court order because in spite of three years of litigation, a summary judgment finding Defendant in violation of the ADA, and after payment of one million dollars in damages and attorney fees, Defendant still has not taken steps necessary to stop discriminating against Plaintiff and other disabled students. Without a permanent injunction Plaintiff has no way of requiring Defendant to operate Pierce College in a "readily accessible" manner.

**B.  <u>Status of Case Since The Court's Summary Judgment Order of February 27, 2007</u>**

Since Plaintiff returned to Pierce College in the Fall of 2003 after his injuries, he has tried to persuade Defendant to make the campus accessible to persons with disabilities and to change discriminatory policies that kept him and

---

[7] See Huezo Dec., ¶6
[8] Huezo Dec., ¶7

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

other disabled students from being able to take part in school life on an equal basis to other students.   After spending more than a year trying to obtain an accessible desk, accessible parking, accessible restrooms and accessible paths of travel, Plaintiff filed a complaint on December 12, 2004.  For almost three and a half years Plaintiff has continued to try to persuade Defendant to remove access barriers and to change discriminatory policies, with little success.

Plaintiff has defended against multiple motions, has conducted discovery, has taken depositions and has conducted multiple meetings in an attempt to work with Defendant to remove barriers and change policies.  Finally, when no progress was made on settling the injunctive relief, Plaintiff filed a Motion for Partial Summary Judgment, seeking resolution of all but Plaintiff's monetary claims.[9]  On February 27, 2007, the Court granted Plaintiff's motion and issued an order in which the Court found that Plaintiff's claim of access barriers was correct, and that Defendant's policy of requiring disabled students to identify and then seek an individual "accommodation" for each barrier was discrimination under the ADA.[10]

Following the Court's entry of the Order granting Plaintiff's motion for summary judgment, the Court referred the parties to a settlement conference with Magistrate Judge Jeffrey Johnson on April 27, 2007.  At the settlement conference the parties reached an agreement on Plaintiff's claims for damages and attorney fees, with the understanding that the parties would work together to complete settlement of the injunctive relief issues.  Defendant had informed Plaintiff that it had plans for massive renovations of the Pierce campus, and that the barriers would be removed as part of the renovations.  Plaintiff's counsel agreed to work with Defendant to coordinate the planned renovations with barrier

---

[9] Filed December 18, 2006, Docket No. 52.
[10] SJ Order 2/27/07

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

removal, and modification of school policies.[11]   However, despite more than a

year of negotiations Defendant has never provided Plaintiff with the scope of the

planned renovations, the timing of the renovations, or responded to Plaintiff's

demand for injunctive relief to complete the proposed settlement.   In particular,

Defendant stated that it had conducted a "self-evaluation" and would soon send it

to Plaintiff.   Plaintiff requested a copy of the report and information regarding

the persons who were consulted in its preparation and the notice given to

interested persons, but never received the self-evaluation or the information

requested.   As plaintiff has continued to encounter multiple barriers on a daily

basis, he has no other option but to seek an enforceable order to require

Defendant to remove barriers and to change policies, because Defendant has

refused to answer Plaintiff's requests for information and has not moved forward

to remove barriers or stop discriminatory policies.

### III.   LEGAL STANDARD FOR PERMANENT INJUNCTION

   **A.   The Court Has Authority in Equity and Under Federal Law To Issue a Permanent Injunction Requiring Defendant to Comply With Title II of the ADA.**

The Court has authority sitting in equity and under federal statutes to

issue a preliminary or permanent injunction requiring that Defendant comply with

its obligations under Title II of the ADA and California civil rights statutes that

have been ignored at Pierce College for more than two decades.  Plaintiff now

seeks a permanent injunction requesting that the Court order Defendant to modify

its policies and procedures to ensure that each of its programs, services and

activities at Pierce College be readily accessible to plaintiff and other similarly

disabled students, and to remove physical barriers where necessary to provide

readily accessible facilities.

The Court has the authority to grant preliminary and permanent

[11] Barbosa Dec., ¶¶ 2,3 Ex. 1

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**                                                        8

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

injunctions in the exercise of its equitable powers under Federal Rule of Civil Procedure, Rule 65.  When the Court is acting in equity, the decision to enter an injunction is largely left to its discretion.[12]   ADA Title II[13] expressly incorporates the remedies provided under the Civil Rights Act of 1991[14], and the Rehabilitation Act of 1973[15], including injunctive relief.

The U.S. Supreme Court has found that the criteria for issuing a permanent injunction is essentially the same as for issuing a preliminary injunction, except that the plaintiff must succeed as to the merits of the case, instead of demonstrating a "likelihood" of success in future litigation.[16]   Other districts have found that a permanent injunction following a granting of a summary judgment was appropriate where no genuine issue of material fact existed as to plaintiff's claims. [17]   The Court's summary judgment ruling, supplemented by the attached declarations by and on behalf of plaintiff show a clear basis for the Court's issuance of a permanent injunction.

**B.   Plaintiff Has Met All Standards For The Issuing Of A Permanent Injunction Against Defendant.**

To obtain a preliminary injunction the moving party must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor.[18]  As held in the *California School for the Blind v. Honig*—under the Rehabilitation Act—"a preliminary injunction is

---

[12] *See Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist.,* 868 F.2d 1085, 1087 (9th Cir.1989)
[13] See 42 U.S.C.A. § 12133
[14] See 42 U.S.C.A. § 1981a
[15] See 29 U.S.C.A. § 794a
[16] See *Amoco Production Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 1404, 94 L.Ed.2d 542 (1987)
[17] See *Clarkson v. Coughlin* 898 F.Supp. 1019, 1035 (N.Y.Dist.1995) concerning hearing-impaired inmates in New York jails.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**                                     9
**Case No. C04-9772 MMM**

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

1    properly granted if the moving party has demonstrated '*either*' a combination of

2    probable success on the merits and a possibility of irreparable injury, or that

3    serious questions are raised and the balance of hardships tips sharply in the

4    moving party's favor." [19]

5        In this case, the Court's findings of fact and conclusions of law in the

6    Order Granting Plaintiff's Motion for Partial Summary Judgment demonstrate

7    that Defendant violated the ADA and discriminated against Plaintiff and other

8    disabled students by failing to operate its programs, services and activities in a

9    "readily accessible" manner.  As the Court has found that there are no genuine

10   issues of material fact, and has made relevant findings of law, a permanent

11   injunction is now appropriate to enjoin Defendant from continuing to violate the

12   ADA and from continuing to discriminate against physically disabled students at

13   Pierce College.

14

15        1.  <u>The Court's finding of facts and conclusions of law
           provide authority for issuing a permanent injunction</u>.

16

17        Plaintiff has demonstrated: (1) actual success on the merits of his complaint

18   as found in the Court's Order under Title II and the Rehabilitation Act; (2) actual

19   irreparable injury caused by the continuing violation of Title II regulations and

20   the resulting discrimination; (3) a balance of hardships favoring Plaintiff because

21   Defendant refuses to operate Pierce College in a readily accessible manner; and

22   (4) that it is in the public interest to have Pierce College readily accessible to

23   persons with disabilities. [20]

24        The Court has made the following findings of fact and conclusions of law:

25

26   [18] See *Beltran v. Myers*, 677 F.2d 1317, 1320 (9th Cir.1982)

27   [19]  See *California School for the Blind v. Honig*, 736 F.2d 538, 542 (9th Cir.), *vacated on other grounds*, 471 U.S. 148 (1985)

28   [20] *Earth Island v. United States Forest Service*, 442 F.3d 1147, 1158-59 (9th Cir. 2006)

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**                                    10

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

- Defendant operates Pierce College and is a "public entity" as defined in Title II of the ADA.  Defendant accepts federal funding, making it subject to Section 504 of the Rehabilitation Act. (SJ Order 2/27/07, 3:n.3)

- Title II of the ADA required defendant to conduct a "self-evaluation" of its programs, services and activities, and prepare a "transition plan" to remove physical barriers where necessary no later than January 26, 1993.  Defendant failed to conduct a self-evaluation or prepare a transition plan as required by Title II. (SJ Order 2/27/07, 10-12; 17:9-22:19)

- Plaintiff is a double amputee and a qualified person with a "disability" as defined under the ADA, and Rehabilitation Act and is a student at Pierce College.( SJ Order 2/27/07, 2:9-10, n.2)

- Plaintiff was excluded from participation in or otherwise discriminated against with regard to Defendant's programs, services and activities on the basis of his disability (SJ Order 2/27/07, 26:13-16)

- Defendant's failure to take affirmative steps to ensure that its programs and facilities are operated in a manner that is readily accessible is "discriminatory" within the meaning of the ADA and Rehabilitation Act. (SJ Order 2/27/07, 27:4-7)

- Plaintiff's expert identified significant numbers of physical barriers at Pierce College that significantly deter disabled persons from accessing and benefiting from Defendant's programs and services, and he also found that Pierce is not "operated" as readily accessible for disabled persons. (SJ Order 2/27/07, 8:3-4; 9:1-4)

- There are no genuine issues of material fact remaining for the Court to resolve. (SJ Order 2/27/07, 30:5-6)[21]

---

[21] The parties settled Plaintiff's claims for damages and attorney fees in Consent Decree and Order filed on 6/4/07.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

1    Based on the Court's findings of fact and conclusions of law, Plaintiff has

2    demonstrated that defendant has, and is continuing to violate the ADA and

3    Rehabilitation Act; that he has suffered discrimination as have others at Pierce

4    College; that Defendant does not operate Pierce College in a manner that is

5    "readily accessible" to persons with disabilities; and that without the Court's

6    intervention, Plaintiff will continue to be discriminated against and suffer

7    irreparable harm as he has no other means of achieving access without the Court's

8    intervention.[22]  Plaintiff asks that the Court enjoin Defendant from continuing to

9    discriminate against persons with disabilities, and that it be required to comply

10   with its obligations under Title II as requested in this motion.

11

12   **IV.   CONTENTS AND SCOPE OF PLAINTIFF'S REQUEST**
     **      FOR A PERMANENT INJUNCTION**

13

14        **A.   Plaintiff Requests that Defendant Prepare A Compliant Self-**
     **          Evaluation and Transition Plan**

15

16        More than a year after the Court found that Defendant's failure to prepare a

17   self-evaluation or transition plan tended to demonstrate discrimination against

18   Plaintiff, and almost 15 years after the deadline under Title II, Defendant

19   continues to delay its preparation of a compliant Self-Evaluation to modify

20   discriminatory policies and practices and has failed to prepare a Transition Plan

21   that provides information and dates as the scope and removal of barriers at Pierce

22   College.[23]  This continuing delay in complying with the requirements[24] for

23   preparing a self-evaluation and a transition plan, after receiving notice of this

24   violation from Plaintiff and the Court is itself a further violation of Department of

25   ─────────────────────────

26   [22] See *Dare v. California* 191 F.3d 1167, 1176 (9th Cir.1999), granting a permanent injunction against a
     violation of Title II regulations.

27   [23] See Barbosa Dec., ¶¶3, 4

28   [24] See Huezo Dec., ¶8, Defendant has not provided any notices to the disabled students at Pierce or
     Marvin Huezo as an "interested party" of the "self-evaluation" and transition plan that was purportedly

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**                    12
**Case No. C04-9772 MMM**

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

Justice regulations:

> Once a public entity has identified policies and practices that deny or limit the participation of individuals with disabilities in its programs, activities, and services, <u>it should take immediate remedial action to eliminate the impediments</u> to full and equivalent participation.[25]

Section 35.105 of 28 C.F.R Part 35, requires that public entities prepare a self-evaluation that includes the following information:

> (a) A public entity shall, within one year of the effective date of this part, evaluate its current services, policies, and practices, and the effects thereof, that do not or may not meet the requirements of this part and, to the extent modification of any such services, policies, and practices is required, the public entity shall proceed to make the necessary modifications.

> (b) A public entity shall provide an opportunity to interested persons, including individuals with disabilities or organizations representing individuals with disabilities, to participate in the self-evaluation process by submitting comments.

> (c) A public entity that employs 50 or more persons shall, for at least three years following completion of the self-evaluation, maintain on file and make available for public inspection:

> (1) A list of the interested persons consulted;
> (2) A description of areas examined and any problems identified;
> (3) A description of any modifications made.

Plaintiff requests that the Court order Defendant to prepare a compliant self-evaluation that complies with 28 C.F.R 35.105 by August 1, 2008 for review and public comment.  Defendant must also provide notice of the self-evaluation and opportunity to comment to members of the disability community and other interested persons by:

> 1.      Providing notice to LACCD students and the disability community

---

prepared by Defendant.

[25] See DOJ, Technical Assistance Manual: Title II of the ADA, II-8.2000.

**Plaintiff's Motion for Permanent Injunctive Relief:**                13
**Case No. C04-9772 MMM**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

of the self-evaluation report for Pierce College, and information and procedure for commenting on the self-evaluation.  Defendant will place the notice on all of Defendant's public websites, newspapers and electronic announcement boards. The notice will include information on how to obtain and review the report, the availability of accommodations as needed, and the process and timeline for commenting on the report, along with the phone number and contact information for the ADA Coordinator at Pierce College.  Defendant will provide 45 days for review and comment.  Defendant will accommodate disabled students who cannot review the report or write comments because of their disability.

2.     Placing notice on all announcement boards at Pierce College, including notices at the Library, the office of the Disabled Students Programs & Services, the Learning Center and the Cafeteria.

3.     Giving an electronic notice to all students enrolled with DSPS.

4.     Providing a copy of the report in alternate forms for persons with visual impairments.

5.     Providing a hard copy and CD of the self-evaluation to Plaintiff's counsel, including the list of interested persons consulted, and any modification made.

Plaintiff also requests that the Court require Defendant to prepare a Transition Plan that complies with Section 35.105(d) of 28 C.F.R Part 35 that complies with the following:

(d) Transition plan.
(1) In the event that structural changes to facilities will be undertaken to achieve program accessibility, a public entity that employs 50 or more persons shall develop, within six months of January 26, 1992, a transition plan setting forth the steps necessary to complete such changes. A public entity shall provide an opportunity to interested persons, including individuals with disabilities or organizations representing individuals with disabilities, to participate in the development of the transition plan by submitting comments. A copy of the transition plan shall be made available for public inspection.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**

14

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

(2) If a public entity has responsibility or authority over streets, roads, or walkways, its transition plan shall include a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs, giving priority to walkways serving entities covered by the Act, including State and local government offices and facilities, transportation, places of public accommodation, and employers, followed by walkways serving other areas.

(3) The plan shall, at a minimum--

(i) Identify physical obstacles in the public entity's facilities that limit the accessibility of its programs or activities to individuals with disabilities;

(ii) Describe in detail the methods that will be used to make the facilities accessible;

(iii) Specify the schedule for taking the steps necessary to achieve compliance with this section and, if the time period of the transition plan is longer than one year, identify steps that will be taken during each year of the transition period; and

(iv) Indicate the official responsible for implementation of the plan.

Plaintiff requests that the Court order Defendant to prepare a Transition Plan that complies with 28 C.F.R 35.105 (d) within 90 days of completing the self-evaluation, for review and public comment.  Defendant must also provide notice of the Transition Plan and opportunity to comment to members of the disability community and other interested persons by complying with the notice provisions for the self-evaluation, except that disability organizations in the community will also be given notice and opportunity to review and comment on the Transition Report.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**

15

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

**B.   Plaintiff Requests An Order Requiring Defendant to Make Interim Barrier Removal To Operate Pierce's Programs As Readily Accessible.**

Plaintiff Marvin Huezo first began asking that defendant remove barriers and modify its policies to provide disabled access at Pierce in August of 2003. Now, almost 5 years later, Defendant is still refusing to modify its policies; still requiring students to identify barriers and work to get a "special accommodation;" and has removed very few barriers throughout the campus; all in spite of the Court's finding that it was discriminating against persons with disabilities because of the physical barriers it had failed to remove.

Although the Court can and should require Defendant to conduct a self-evaluation and prepare a transition plan that complies with the requirements of Title II, this process will take months to prepare and possibly years to complete. However, there are *interim* barriers and modification of policies that should be undertaken *now*.

Plaintiff requests that the Court require that Defendant undertake interim modification of policies and procedures and barrier removal to ensure that until all barriers are removed and all programs and services are properly evaluated, that minimal safety and access are available for plaintiff and other disabled students. Unless the Court orders the interim barriers, plaintiff and other disabled students have no way to require Defendant to make necessary changes to "operate" Pierce College in a manner that is "readily accessible to and usable by" persons with physical disabilities.

1.   Interim Modification of Policies and Procedures

The Court found that beginning in August 2003, and continuing until the present, defendant has failed to remove necessary barriers, and failed to modify its polices and procedures to operate its educational programs and services in a manner that is "readily accessible to and usable by" disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**                                         16

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

students.

> In short, based on the undisputed, admissible evidence in the record, the court concludes that defendant failed to comply with the ADA and Rehabilitation Act requirements that it evaluated its programs, services and facilities, and prepare a transition plan.[26]

The result of this 15 year failure is that Plaintiff and other disabled students have "been excluded or otherwise discriminated against with regard to defendant's services, programs, or activities by reason of his disability."[27] Until such time as Defendant is able to prepare a compliant self-evaluation and implement a transition plan to remove barriers and modify its policies and procedures, Defendant must take interim steps to stop the continuing discrimination against plaintiff and other disabled students by modifying certain discriminatory policies.  Plaintiff requests that the Court order Defendant to make the following interim policy changes:[28]

- Interim ADA coordinator:

Defendant has relied entirely on two educational counselors at the DSPS office, which the Court found did not respond when Plaintiff complained of barriers and access problems.[29]  Moreover, during their depositions, the DSPS counselors admitted knowing nothing about barrier removal, and had no training in ADA requirements for policy modification for accessible programs and services.[30]  As a result there is no knowledgeable, responsible person to take complaints and coordinate a correct response between the Plant Facility staff, the teaching faculty, and disabled students.  The ADA Coordinator must also document any requests

---

[26] See SJ Order 2/27/07, 22:12
[27] SJ Order 2/27/07, 26:13-16.
[28] See Huezo Dec., ¶8
[29] See, SJ Order 2/27/07, 4 n.7.
[30] See Barbosa Dec. ¶5, Exhibit 3

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**                                    17

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

for help or accommodations, and the resolution of such requests.  Plaintiff requests that defendant be ordered to hire an interim ADA coordinator with experience to implement the modification of policies and practices at Pierce necessary to operate educational programs in a manner that is "readily accessible" to disabled students.   Plaintiff requests that Defendant be ordered to hire a qualified interim ADA coordinator within 30 days of the issuing of the injunction.

- Registration and services for disabled students:

Defendant does not operate its programs in a readily accessible manner in large part because it does not anticipate or respond to barriers or policies that discriminate against disabled students.  Disabled students are offered educational services through the DSPS office, with counselors that help students select classes and prepare their curriculum.  The counselors also evaluate disabled students' limitations and register them separately for classes each semester.  However, although DSPS knows the class assignment for disabled students—and the disability of each student—it has no policy for notifying teachers of the need for accessible desks, work stations or equipment in classes with mobility disabled students, and does not make any accommodations but requires each student to seek out "special accommodations" from the DSPS counselors, Plant Facility Manager and otherwise take multiple steps to request access.  For example, Marvin was again denied an accessible desk in his current class in the Music Building.  First, this architectural class was assigned to an inaccessible upper location of the campus for a night course.[31]  As the Court found, there is no accessible path of travel to the upper portion of the campus, especially in the evening when the DSPS office is closed and the "loaner" wheelchairs are not

---

[31] See Huezo Dec., ¶7

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

1   available.[32]

2          Secondly, although the Court found that forcing students to encounter

3   and try to resolve each barrier as a "special accommodation" is itself

4   discrimination,[33] Defendant continues to force disabled students to do its job

5   of identifying and removing barriers.[34]  Marvin was recently forced to speak

6   to multiple people through days of emails, and was asked to decide where

7   the accessible desk should be placed, because Plant Facilities personnel

8   placed the accessible desk facing the wall and segregated from the other

9   student desks.[35]  Although this type of discrimination is the reason Marvin

10  filed his complaint more than 3 years ago, Defendant has apparently learned

11  nothing from the litigation and the Court's Order and continues this

12  discriminatory policy.  Plaintiff requests that defendant modify its policies

13  and procedures in the interim to include the following changes:

14          1)    Hire Access Expert:  Defendant must hire someone with

15  expertise in Title II and ADAAG regulations, and in particular with expertise

16  in the use and placement of accessible equipment in schools, and must

17  establish a written school-wide policy and train Plant Facility staff, teachers,

18  and DSPS counselors in the use and placement of accessible desks and

19  equipment.  Each teacher must also be responsible for requesting accessible

20  desks and equipment whenever necessary, and must be responsible for

21  ensuring such equipment is obtained, properly placed, and maintained in

22  his/her classroom.

23          2)    Install accessible tables and desks in all classrooms:   Defendant

24  must provide at least one accessible desk/ table and any required accessible

25  equipment in each classroom that is being used.  The accessible desk must be

---

[32] See Huezo Dec., ¶7
[33] See SJ Order 2/27/07, 23:7-13
[34] See Huezo Dec., ¶8
[35] See Huezo Dec., ¶6

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

bolted to the floor so it will not be moved, and have priority signage.
Science classes, computer classes, music and art classes, for example, may
require special accessible equipment that must be ready for use when
needed.  As the Court made clear, Defendant has not provided the "high
degree of convenient accessibility" that the ADA requires for compliance.[36]
The accessible desks and tables must be placed with the other student desks,
must have required wheelchair space, and an accessible ingress and egress.
The desks should be marked with the "ISA" priority symbol. The teachers
should be trained to know that disabled students have priority to use these
desks, and make sure that disabled persons are able to use these desks.

     3)    <u>Publication of services and accommodation available for
disabled students</u>: DSPS publishes a booklet which provides general
information about the educational services offered to disabled students.
However, the Student Handbook does not provide information regarding
special parking permits for the teachers' parking lots; keys for the library
elevator and the availability of shuttle services to take students to
inaccessible locations on campus is not disseminated to disabled students
unless they complain about the lack of access.  Until such time as defendant
removes barriers on campus, plaintiff requests that defendant publicize the
specific accommodations available in the materials provided to disabled
students, at the orientation for disabled students; on the school's website, and
that this information be published at the beginning of every semester in the
college newspaper and web site(s) setting out the rights of students.  Further,
disabled students may not be surcharged for obtaining parking permits for
use of the teacher's parking lots, or to obtain a key to the library elevator, as
these accommodations are necessary to provide Pierce College's services
and programs in an accessible manner.

---

[36] See, SJ Order 2/27/07, 24:7-10

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

4)   <u>Regularly scheduled accessible shuttles for disabled students</u>:

The path of travel problems throughout the campus are identified in the

Declaration of Karl Danz, and in the interactive Map.[37]   While DSPS

counselors acknowledge that the upper portion of campus is inaccessible,

they have incorrectly assumed that the rest of the campus was accessible and

do not offer shuttle service to the Applied Technology classrooms that

Marvin told them were inaccessible more than 5 years ago.[38]   DSPS also

incorrectly deals with the lack of accessible paths of travel by requiring

mobility disabled students to drive to campus and move their cars to

different locations to reach inaccessible classrooms.   As an accommodation

for students who did not drive, Defendant has stated that DSPS counselors

would drive students to the upper portion of the campus (only) when

requested.   These special "accommodations" are discriminatory and do not

work.   For example, Marvin asked to use the shuttle to reach his class in the

Music Building, but was told that a DSPS counselor could drive him to his

class, but could not drive him back.[39]   Plaintiff requests that, until such time

as defendant renovates the inaccessible paths of travel barriers on campus,

that Pierce provide a <u>regularly scheduled </u>wheelchair accessible shuttle that

can take disabled students to all portions of the campus that do not have

accessible paths of travel as identified by plaintiff's expert, Karl Danz[40]

including the upper portion of the campus, the agricultural and equestrian

facilities, the applied technology buildings, and parking lots at the campus.

This method of transporting students is routinely done on college campuses

and would provide a service that would be usable and non-discriminatory to

many disabled students who would not feel comfortable making an

---

[37] See Danz Dec., Attach. ???, Map
[38] See Huezo Dec., ¶7
[39] See, Huezo Dec., ¶7
[40] See Danz Dec., Attach. ?, map

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

1   educational counselor act as "driver" for a "special accommodation" and

2   may otherwise be deterred from benefiting from Defendant's programs.  This

3   service must also be widely publicized with a regular schedule and marked

4   stops to enable students to use this service as "highly convenient access"

5   instead of as a "special request" to a DSPS counselor.  (In the future, as the

6   path of travel barriers are removed, Defendant may limit or change the

7   shuttle services.)

8                        2.      Interim Barrier Removal

9          As the Court noted, "[o]ne form of prohibited discrimination is the

10  exclusion from a public entity's services, programs, or activities because of the

11  inaccessibility of the entities facili[ties]".[41]  Plaintiff provided uncontroverted

12  evidence that the Pierce College campus has significant physical barriers that

13  discriminate against persons with mobility disability.[42]  Since the Court issued its

14  ruling on Plaintiff's summary judgment motion, Plaintiff has attempted to work

15  with Defendant to get defendant to remove physical barriers by creating

16  accessible paths of travel throughout the campus by installing curb cuts, fixing

17  steep ramps, adding handrails and to renovating the accessible parking so that it is

18  configured and located near accessible paths to the campus.  Defendant has not

19  agreed to make any of the renovations requested, in part by claiming that Pierce

20  will undergo massive renovations in the future.  However, Plaintiff has not even

21  been able to obtain information as to the scope of timing of the planned

22  renovations.[43]

23         Plaintiff therefore requests that the Court order Defendant to make interim

24  renovations that Plaintiff's expert has determined are the most important to

25  operate the college as readily accessible for persons with mobility disabilities.

26  The proposed self-evaluation and transition plan will take several more months at

27  ---

28  [41] See SJ Order 2/27/07, 22:21-23, citing *Barden v. Sacramento*, 292 F.3d 1073, 1075 (9th Cir. 2002)
    [42] See SJ Order 2/27/07, 22:21-25; 26:1-16

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**                    22
**Case No. C04-9772 MMM**

least, and have a much larger scope that will require staged renovations for all types of disabilities.  Plaintiff has now been waiting almost 5 years for Defendant to install accessible handrails, curb cuts and parking spaces at Pierce College, but has been unsuccessful in persuading Defendant to make these changes.

Plaintiff has prepared a list of interim barriers that sets out the work to be done and the timeframe for each project that should be done quickly, and without further delay.[44]  Attached to Barbosa Declaration as Attachment 3 is Plaintiff's Demand for Interim Barrier Removal that Plaintiff's counsel has been trying to get Defendant to voluntarily undertake for the past year, without success. Plaintiff requests that the Court Order Defendant to make the renovations set forth in listed in the Plaintiff's Demand for Interim Barrier Removal, along with the modification of policies and practices, in a permanent injunction.

### C.   Plaintiff Requests A Monitoring Program For The Permanent Injunction

Plaintiff requests that the Court's permanent injunction order include monitoring to ensure that Defendant completes this important work to operate Pierce as "readily accessible."  Defendant has shown that it is not capable of voluntarily complying with its obligation to remove barriers or to modify its policies to operate its programs in a readily accessible manner without monitoring.  Plaintiff requests that the Court include the following terms as part of the permanent injunction:

1) Defendant will hire an interim ADA Coordinator for Pierce College with expertise on implementation of Title II regulations, and who will be responsible for preparing the self-evaluation and the transition plans, as well as

---

[43] See Barbosa Dec., ¶¶ 3,4
[44] The Interim Barrier list is correlated to Peter Margen's report previously provided and concurrently filed herewith on CD-ROM. See Danz Dec., Exhibit 2.

**Plaintiff's Motion for Permanent Injunctive Relief:**                                    23
**Case No. C04-9772 MMM**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

implementing the modification of policies and procedures and for implementing barrier removal as ordered in the permanent injunction.  Defendant will hire the ADA Coordinator within 30 days of the Court's permanent injunction order.

2) Defendant will hire an access consultant approved by Plaintiff to monitor the progress of the corrective work and implementation of the modification of policies and to prepare a status report for the parties.  The access consultant will review the self-evaluation and transition plan, and will review any plans for the corrective work of the permanent injunction

3) The access consultant will prepare a status report and send it to the parties every six months from the issuing of the permanent injunction order until the work is completed.  The status report will identify work completed, and the work remaining to be completed. Defendant will pay the access consultant directly for work done in monitoring and preparing the status reports.

4)  In the event that unforeseen circumstances prevent Defendant from meeting a completion date, Defendant will notify plaintiff's counsel in writing within 30 days of discovering the reason for the delay; the steps be taken to complete the work; and any new proposed completion dates.

5) The Court will maintain jurisdiction to hear enforcement motions until all of the work contemplated by the injunction is completed.

## V.      CONCLUSION

This Court has previously found that Plaintiff proved his claims of discrimination and violations of the ADA.  Plaintiff now requests that the Court issue a permanent injunction to enjoin Defendant's continuing violation of the ADA and discrimination against persons with disabilities at Pierce College.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**
**Case No. C04-9772 MMM**                                                    24

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

1   Dated: May 9, 2008          PAUL L. REIN
2                               PATRICIA BARBOSA
                                JULIE OSTIL
3                               LAW OFFICES OF PAUL L. REIN

4                               JORDON METZ
5                               GOODMAN & METZ

6                               _P Barbosa_

7                               _____
8                               Attorneys for Plaintiff
                                MARVIN HUEZO
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Motion for Permanent Injunctive Relief:**          25
**Case No. C04-9772 MMM**

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc

1

### _Certificate or Proof of Service by Mail, Fax or Personal Delivery_

2      I, the undersigned, state: I am and was at all times herein mentioned, a citizen of the United States and a
resident of the County of Alameda, over the age of eighteen (18) years and not a party to the within action or
3      proceeding; that my business address is Law Office of Paul L. Rein, 200 Lakeside Drive, Suite A (Corner of
Jackson & 19th Streets), Oakland, CA  94612; that on the below date, following normal business practice, I caused
to be served the foregoing document described as:

4

### Huezo v. Los Angeles Community College District, et al., C. Dist. Cal. Case No. C04-9772 MMM

5

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

6

Richard E. Morton, Esq.

7   HAIGHT, BROWN & BONESTEEL, LLP

8   5 Hutton Centre Drive, #900
Santa Ana, CA 92707]

9

10      **Personal Delivery:** By personally delivering through a fax-filing or messenger agency true and exact
copies of these documents to the above entitled place of business (or as indicated on the attached service list) with
directions to deliver them immediately to _____ attorneys for the <u>Defendants</u>.

11   .      **Facsimile:** By facsimile transmission, from our regular facsimile machine at (510) 832-4787, at

12               approximately _____, or soon thereafter, addressed to the following facsimile
machine (   **Without exhibits, which are to follow by mail;      With exhibits; ☑ N/A):**

13               _Name of Person Served:_      See Above
_Facsimile Telephone No:_      See Above

14               A facsimile machine report was printed immediately thereafter, which verified that the
transmission was complete and without error.

15   ☑      **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with
postage thereon fully prepaid, marked with the above address(es), and placed in:

16               ☑      in First Class United States Mail
in     priority,   or     standard, overnight mail via Federal Express,

17               I am readily familiar with our office's practice for collection and processing of correspondence
for mailing with the United States Postal Service.  In the ordinary course of business,

18               correspondence, including said envelope, will be deposited with the United States Postal Service
at Oakland, and designated overnight packages will be timely scheduled for pickup or placed in

19               Federal Express drop boxes or left at drop centers at Oakland.

20      I declare that I am employed in the office of a member of the bar of this court at whose direction the
service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the
21   United States and the state of California. Executed this **May __, 2008**, in Oakland, California.

22

23

24               By: _____
Steven L. Rein ☑ Aaron Clefton    Katherine Castro
25               Paul L. Rein    Julie A. Ostil
(Original signed)

26

27

28

**Plaintiff's Motion for Permanent Injunctive Relief:**           26
**Case No. C04-9772 MMM**

S:\jo\Cases\P\Pierce College\pleadings\federal\mot for permanent injunction\plaintmotforinjunctrelief.doc