1   PAUL L. REIN, Esq.  (SBN 43053)
    PATRICIA BARBOSA, Esq.  (SBN 125865)
2   JULIE OSTIL, Esq. (SBN 215202)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Dr., Suite A
    Oakland, CA 94612
4   (510) 832-5001

5
    JORDON METZ, Esq. (SBN 167355)
6   GOODMAN & METZ
    17043 Ventura Blvd.
7   Encino, CA 91316
    (818) 386-2889
8

9   Attorneys for Plaintiff:
    MARVIN HUEZO
10

11

12                  UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
13

14  MARVIN HUEZO,                      Case No. CV-04-9772 MMM/JWJx
                                       Civil Rights
15              Plaintiff,

16                                     **PLAINTIFF'S REPLY TO**
    v.                                 **DEFENDANT'S OPPOSITION TO**
17                                     **PLAINTIFF'S MOTION FOR**
    LOS ANGELES COMMUNITY              **PERMANENT INJUNCTIVE**
18  COLLEGE DISTRICT (Re: Los          **RELIEF**
    Angeles Pierce College); and DOES
19  1-20, Inclusive,                   Hearing

20              Defendants.            Date:   June 16, 2008
                                       Time:   10:00 am
21                                     Judge:  Hon. Margaret M. Morrow
                                       Place:  U.S. District Court
22                                             312 N. Spring St.
                                               Los Angeles, CA
23

24
    _____/      Trial Date: None scheduled
25

26

27

28

Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion                    i
For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)
x:\jo\cases\p\pierce college\pleadings\federal\mot for permanent injunction\reply\replytodeoppfinal.doc

## <u>TABLE OF CONTENTS</u>

**I.  INTRODUCTION** ................................................................................ 1

**II. KARL DANZ' DECLARATION VISUALLY REPRESENTS THE
PREVIOUSLY ADMITTED EXPERT OPINIONS OF DECLARED
EXPERT PETER MARGEN, AND IS ADMISSIBLE UNDER FRCP
37(C)(1)** ............................................................................................. 4

**III. DEFENDANT IGNORES THE COURT'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW THAT PIERCE DISCRIMINATED
AGAINST DISABLED STUDENTS AND IS IN VIOLATION OF THE
ADA AND THE REHABILITATION ACT OF 1973** ............................... 7

**A.  Defendant Relies on Expert Testimony That the Court Has Already
Excluded on Several Occasions** ................................................. 7

**B.  The Court's Findings of Fact and Conclusions of Law Are
Determinative and Cannot Be Refuted by Defendant's Declarants** ...... 8

**IV. PLAINTIFF NEEDS A MONITORED PERMANENT INJUNCTION
BECAUSE MORE THAN A YEAR AFTER THE COURT'S SUMMARY
JUDGMENT ORDER DEFENDANT HAS STILL NOT PREPARED A
SELF-EVALUATION AND TRANSITION PLAN THAT COMPLIES
WITH DOJ REGULATIONS** ............................................................ 11

**A.  Defendant Has Not Complied With DOJ Regulations for the
Preparation of the Self-Evaluation and Transition Plan** ..................... 12

**B.  The Court and Plaintiff Need to Monitor the Preparation of the Self-
Evaluation and the Transition Plan to Ensure That Implementation
Will Be Accomplished in a Timely and Competent Manner** ............... 15

**C.  Without an Enforceable Order Defendant Will End Up Paying Much
More in Attorney Fees and Expert Fees Because It Has Shown It Is
Incompetent to Comply With Its Obligations Under the ADA and
Rehabilitation Act Without Court Monitoring** .................................. 16

**V. PLAINTIFF HAS NOT SETTLED THE INJUNCTIVE RELIEF WITH
DEFENDANT AND REQUIRES AN ENFORCEABLE ORDER
DIRECTING PIERCE TO REMOVE INTERIM BARRIERS AND
PREPARE A COMPLIANT SELF-EVALUATION AND TRANSITION
PLAN** .......................................................................................... 17

**VI. CONCLUSION** ................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion
For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**                    ii

x:\jr\cases\p\pierce college\pleadings\federal\mot for permanent injunction\reply\replytprodefoppfinal.doc

## CASES

FEDERAL

California School for the Blind v. Honig 736 F.2d 538 (9th Cir. 1985) ...............8

## REGULATIONS

28 C.F.R. Part 35, §35.105 ...........................................................................13, 15

## LEGISLATIVE MATERIALS

House Rep. Report No. 101-485 (III), 1990 U.S.C.C.A.N. 445
(May 15, 1990) ...................................................................................19
House Rep. Report No. 101-485 (IV), 1990 U.S.C.C.A.N. 512 ........................19

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion
For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

iii

x:\jr\cases\jr\pierce college\pleadings\federal\mot for permanent injunction\reply\replytrodefoppfinal.doc

1

2

3

4          Plaintiff MARVIN HUEZO hereby files his Reply to Defendant's

5   Opposition to Plaintiff's Motion for Permanent Injunctive Relief and requests

6   that the Court grant plaintiff's Motion For Permanent Injunctive Relief and issue

7   an Order requiring Defendant to comply with its obligations under the Americans

8   with Disabilities Act of 1990 and the Rehabilitation Act of 1973, and to stop its

9   continuing discrimination against Plaintiff and other disabled students on the

10  basis of their disability.  Without an enforceable court order Plaintiff will

11  continue to suffer irreparable harm, and Defendant will continue to ignore the

12  Court's findings of fact and conclusions of law regarding its obligations as a

13  public entity under the ADA and Rehabilitation Act.

14

15

16

17  **I.     INTRODUCTION**

18          Plaintiff Marvin Huezo has been fighting for over three years to require

19  Pierce College to remove physical barriers and modify its policies and procedures

20  so that he and other disabled students would not need to seek "special

21  accommodations" to overcome each barrier and pursue their education on an

22  equal basis to able-bodied students.  Plaintiff's requests are so basic and

23  fundamental for a public entity operating a place of public accommodation—

24  accessible parking, accessible paths of travel to classrooms, and the ability to sit

25  and learn with able-bodied students—that it is unbelievable that Defendant is still

26  arguing it has no duty to promptly remove barriers and change its discriminatory

27  policies.  Plaintiff has endeavored for more than a year after winning its Motion

28

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion**          - 2 -
**For Permanent Injunctive Relief:Case No. CV04-9772**
**MMM(JWJ)**

p/pierce/replytodefoppforenforinjunctiverelief

for Partial Summary Judgment to settle his injunctive relief claims with Defendant without obtaining any agreement for barrier removal or policy changes.[1]

Although Defendant argues that there is no need for an injunction and monitoring by the Court, Defendant also continues to argue that disabled students must still identify barriers and request "special accommodations" if they want accessible education at Pierce College.[2]  After beating back more than nine defense motions, winning a motion for summary judgment, and obtaining a million dollars in damages and attorney fees, Plaintiff is still unable to travel to his architectural classes because there are still no curb cuts along the walkways; he is still unable to safely use the ramps around the Math Building that are too steep and do not have handrails; he must still move his car to reach inaccessible portions of the campus because of inaccessible parking lots and paths of travel; and he must still seek "special accommodations" to have an accessible desk and classroom equipment in his classes.[3]

Granting Plaintiff's Motion for Permanent Injunctive Relief—with an independent monitor and status reports—is essential because, as demonstrated by Defendant's Opposition, it has ignored the findings of the Court's Summary

---

[1] See Supp. Barbosa Dec., ¶2  Defendant has feverishly attempted to complete a self-evaluation and transition report to challenge Plaintiff's Motion for Permanent Injunction, but as discussed below, this last minute attempt is incomplete, incorrectly done and has no timeline for the corrective work to be completed.

[2] For example, Defendant claims that it has changed its policies and now provides "access" for disabled students. (See Def. Garber Dec., Ex. A, p.15-16.) Defendant's *new* policy to provide access to inaccessible facilities is to, 1) require students to register with the DSPS; 2) make an appointment with a Special Services Counselor; 3) submit medical documentation of their disability, and; 4) seek an accommodation by requesting the loan of an electric wheelchair, or seek a van ride to inaccessible classrooms at least a week before the scheduled class.  This is Defendant's programmatic response to the pervasive lack of curb cuts, inaccessible parking, inaccessible paths of travel, and steep ramps.  This is exactly the type of "accommodation" that the Court found was discriminatory in its Order granting Plaintiff's Motion for Summary Judgment, SJ Order, 2/27/07; 23:9-19.

[3] See Supp. Huezo Dec., ¶¶2-3.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

2

Judgment Order ruling that Defendant's policy of placing the burden on disabled students to overcome each barrier is discriminatory and violates the ADA.[4] Defendant has shown it has no intention of operating Pierce College in a manner that is readily accessible to and usable by persons with physical disabilities unless the Court specifically orders Defendant to make the policy changes and remove the interim barriers that Plaintiff has set forth in his motion.  Defendant's past negligence and its present showing of incompetence, along with its stubborn refusal to become educated in its Title II obligations, clearly demonstrates that, without an enforceable permanent injunction, Defendant will continue discriminating against disabled students.  Defendant has left Plaintiff with no other option but to seek a permanent injunction because Defendant has stalled the settlement negotiations and has steadfastly refused to make the changes Plaintiff has sought for the past three years.

Plaintiff requests that the Court issue a permanent injunction, with Court monitoring, that requires Defendant to prepare a compliant and *public* self-evaluation, prepare a transition plan that details the work to be done with timely schedules for the removal of necessary barriers, and modify its discriminatory policies.   In the meantime, Plaintiff requests that the Court order Defendant to remove the necessary interim barriers that the Court found deter Plaintiff and other disabled students from fully and equally participating in Pierce's educational programs, services and activities.  Defendant's lack of action for the last three years demonstrates that it is unable or unwilling to comply with its obligations without an enforceable permanent injunction and enforceable order.

---

[4] See SJ Order, 2/27/07, 23:9-13.

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

3

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

p/pierce/replytodefoppforpermforinjunctivereleif

1

2      **II.    KARL DANZ' DECLARATION VISUALLY REPRESENTS THE
3             PREVIOUSLY ADMITTED EXPERT OPINONS OF DECLARED
              EXPERT PETER MARGEN, AND IS ADMISSIBLE UNDER FRCP
4             37(c) (1)**

5

6            Defendant incorrectly argues that the declaration of Karl Danz, and all of

7      the information contained therein, should be excluded because Mr. Danz was a

8      non-disclosed expert.  First, Defendant is wrong that Mr. Danz' work was non-

9      disclosed.  Plaintiff's expert, Peter Margen, identifies Karl Danz as his colleague

10     in the inspection and preparation of his report.[5]  The information and the map

11     prepared by Mr. Danz are visual examples of the opinion provided by expert

12     Peter Margen for Plaintiff's Motion for Partial Summary Judgment addressing

13     the lack of accessible paths of travel throughout the Pierce Campus.[6]  As

14     Defendant failed to mention, the report by Peter Margen was disclosed, and part

15     of that report disclosed that Karl Danz was his associate, taking part in the

16     inspection and the preparation of the barriers report that was the basis for the

17     Court's Summary Judgment Order.[7]  Mr. Danz' declaration also clearly states

18     that along with Peter Margen and Patricia Maruya, he participated in inspecting

19     the campus, taking photos and preparing the barriers report submitted by Mr.

20     Margen.[8]  The map, attached as Exhibit 2 to Mr. Danz' declaration, is the same

21     map submitted by Plaintiff's expert Peter Margen in Plaintiff's Motion for Partial

22     Summary Judgment, with additional overlays showing the inaccessible paths of

23     travel to the upper portion of the campus because Plaintiff is now taking classes

24     in this totally inaccessible portion of the campus.  Peter Margen's report also

25

26     _____

27     [5] See Danz Dec., ¶5  Ex. 2.
       [6] See Danz Dec., ¶5, referencing Peter Margen's report.
28     [7] See SJ Order, fn 17-21 referencing Mr. Margen's opinions and his expertise.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion                    4
For Permanent Injunctive Relief:Case No. CV04-9772
MMM(JWJ)**

p/pierce/replytodefoppforinjunctiverelief

cites these inaccessible paths of travel to the upper portion of the campus.[9]  Mr. Danz augmented the previously submitted map to assist the Court in understanding how widespread the path of travel barriers are as described in Peter Margen's report and declaration.  Mr. Danz declaration is not a separate or independent opinion offered by an undisclosed expert.  The revised map attached to Mr. Danz' declaration is merely demonstrative evidence of how inaccessible the paths of travel remain at the Pierce campus when seen in its entirety.[10]  Nothing in Mr. Danz' report provides additional or different opinions than those already provided by Mr. Margen in his report to the Court, and it is not new expert testimony by an undisclosed expert.

It should be noted that Defendant does not argue that Mr. Danz' declaration or exhibit offers any new information or opinions that it did not have an opportunity to challenge through the discovery process or by reviewing Peter Margen's expert disclosure.  The problem facing Defendant is that due to its negligence it failed to submit its own expert disclosures, and also failed to depose Plaintiff's expert Peter Margen.[11]  Federal Rules of Civil Procedure, 37(c)(1) states that an undisclosed expert may be excluded "<u>unless the failure was substantially justified or is harmless</u>."  Since there is no new evidence that was not provided to Defendant in the expert disclosure timely made by Plaintiff more than 18 months ago, there can be no "harm" in Mr. Danz restating the opinions of

---

[8] See Plaint. Mot. For Injunction, Danz Dec., ¶¶5&6.
[9] See Danz' Dec., Ex. 2, citing Margen's declaration ¶11.
[10] This is also important because the Special Student Handbook for Disabled Students offered by Defendant's declarant Garber includes a map that shows accessible parking without warning disabled students that there are no accessible paths of travel from the parking to the campus locations listed on the map.  See Supp. Barbosa Dec., Ex. 1.
[11] It is Defendant who is attempting to insert expert testimony that the Court has already ruled must be excluded due to Defendant's inexcusable negligence in failing to submit expert disclosure in a timely manner.  See Plaintiff's Objection to Declaration of Michael Gibbens filed separately.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion**
**For Permanent Injunctive Relief:Case No. CV04-9772**
**MMM(JWJ)**

5

p/pierce/replytodefoppforinjunctiverelief

his colleague Mr. Margen in a visual format.  The map prepared by Mr. Danz takes the opinions of Peter Margen, that the paths of travel throughout the campus are inaccessible, and translates them into a visual exhibit for the Court and Defendant's better understanding.  There is no harm to Defendant; there is no new expert opinion given by Mr. Danz; and no undisclosed expert testimony offered by Plaintiff.

Further, Plaintiff was justified in not submitting Karl Danz as an expert because Mr. Danz was expected to be a <u>rebuttal expert</u> on the construction issues related to barrier removal at Pierce College, for which he is an expert.  However, as Defendant did not submit any expert disclosures for Plaintiff to review and depose, and failed to take the deposition of Plaintiff's disclosed expert, Peter Margen, there was no opportunity for Plaintiff to disclose Mr. Danz as a *rebuttal* construction expert.  Plaintiff was fully justified in not submitting rebuttal disclosures given Defendant's failure to comply with the Court's scheduling order in this regard.

Even if the Court were to exclude Mr. Danz' declaration, the barriers report prepared by Mr. Margen has already been accepted by the Court as the expert testimony in this case to grant the Summary Judgment Order from which Plaintiff now asks the Court to grant a permanent injunction.  Further, the declaration and map submitted by Karl Danz repeats the expert testimony of disclosed expert Peter Margen, does not harm Defendant, and in fact assists the Court in evaluating Plaintiff's request for a permanent injunction.

///

///

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

6

p:pierce/replytodefoppforpermanentinjunctivereliet

**III.  DEFENDANT IGNORES THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT PIERCE DISCRIMINATED AGAINST DISABLED STUDENTS AND IS IN VIOLATION OF THE ADA AND THE REHABILITATION ACT OF 1973.**

> A.    Defendant Relies On Expert Testimony That The Court Has Already Excluded On Several Occasions.

While claiming that the declaration of Karl Danz must be excluded because he was not disclosed as an expert pursuant to FRCP 37(c)(1), Defendant brazenly submits the expert testimony of *excluded* expert Michael Gibbens.   Defendant submits the expert testimony of Mr. Gibbens to argue that the Court should not issue a permanent injunction because Pierce used "alternative methods [in lieu of removing barriers which] have proved successful,"[12] and because the multitude of physical barriers at Pierce College will be removed at some undisclosed time.  Unfortunately for Defendant, Michael Gibbens has already been excluded <u>several times</u> by the Court as sanction for Defendant's negligence in not complying with the Court's scheduling order in this case.[13]  Defendant cannot ignore the Court's rulings excluding Michael Gibbens' expert testimony by submitting it in the guise of a witness declaration.

Defendant also fails to provide the Court with any authority permitting it to submit expert testimony challenging the merits of the Court's findings in its Order granting Plaintiff's motion for summary judgment.  The Court has already ruled on the merits of Plaintiff's complaint, finding that Defendant's alternatives to barrier removal—asking students to identify barriers and seek accommodation—were discriminatory and violated Title II of the ADA and the Rehabilitation Act.  The testimony by Michael Gibbens, opining that Pierce has

---

[12] Gibbens Declaration, 13:2.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

p:pierce/replytodefoppfornmedforinjunctiverelief

been and is fully in compliance with the ADA, is both excluded as undisclosed expert testimony, and irrelevant to the issue of whether the Court should issue a permanent injunction based on the Court's findings of fact and conclusions of law.

The real issue before the Court, which Defendant completely ignores, is whether Plaintiff has met the legal standard for the issuance of a permanent injunction.  As held in *California School for the Blind v. Honig*, "a preliminary injunction is properly granted if the moving party has demonstrated '*either*' a combination of probable success on the merits and a possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor."[14]  Defendant offers no credible challenge to Plaintiff's claims that he will continue to suffer irreparable injury and that the balance of hardship tips sharply in Plaintiff's favor.

> B.   The Court's Findings of Fact and Conclusions of Law Are Determinative and Cannot Be Refuted by Defendant's Declarants.

One of the most persuasive arguments in favor of granting Plaintiff's request for a permanent injunction and monitoring is the continuing claim by Defendant that disabled students must ask for "accommodations" each time they face physical barriers or policy problems.  Defendant claims that:

> HUEZO argues in his motion that 'Defendant continued to force disabled students to do its job of identifying and removing barrier.'…**However, at the college level, the student must request the proper accommodations**.[15]

---

[13] See Plaintiff's Objection to the Declaration of Michael Gibbens.

[14]  See *California School for the Blind v. Honig*, 736 F.2d 538, 542 (9th Cir.), *vacated on other grounds*, 471 U.S. 148 (1985).

[15] Def. Opp. 12:3-6; emphasis added.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion
For Permanent Injunctive Relief:Case No. CV04-9772
MMM(JWJ)**

8

p/pierce/replytodefoppfornotforinjunctiverelief

1    Defendant's consistent and stubborn refusal to become educated in its obligations

2    under the ADA and Rehabilitation Act makes it impossible for Plaintiff to work

3    with Defendant to settle this case without an enforceable and clear order for

4    Defendant to follow.  In its Order granting summary judgment the Court has

5    already painstakingly set forth Defendant's obligations under the ADA and

6    Rehabilitation Act to operate its programs, services and activities in a manner that

7    is readily accessible to persons with disabilities.[16]  The Court clearly agreed with

8    Plaintiff that requiring students to identify each barrier and seek an

9    accommodation, instead of providing readily accessible programs and services, is

10   discrimination under the ADA.  The Court could not have been clearer:

11           Huezo argues, defendant requires disabled students to identify barriers they
             encounter while attempting to access programs or facilities and seek
12           accommodation.  He asserts this constitutes discrimination under the ADA
             and Rehabilitation Act.  Undisputed evidence in the summary judgment
13           record supports plaintiff's contentions.[17]

14

15           However, in the new "Special Services Student Handbook" that Defendant

16   offers as proof that there is no need for an injunction, Defendant informs disabled

17   students that they are required to register with the DSPS and ask for special

18   accommodation to overcome physical barriers, as well as discriminatory policies.

19   The Student Handbook asks students to seek accommodations in the following

20   instances:

21           1.  Students must seek special accommodations from each teacher for

22               classroom equipment (Garber Dec. Attach. A, p.14);

23           2.  Students must seek special accommodations for special parking passes

24               to move their cars from class to class to overcome the inaccessible paths

25               of travel (Garber Dec. Attach. A, p.12);

26

27   _____
     [16] See SJ Order 2/27/07, 15:11-17:1-7.
28   [17] SJ Order 2/27/07, 23:10-13.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

p/pierce/replytodefoppformotforinjunctiverelief

3.  Students must seek special accommodation to have access to accessible desks and class room furniture (Garber Dec. Attach. A, p.13);

4.  Students must ask that the teacher relocate a classroom when they find that the assigned classrooms are not accessible.  For example all classes in the upper part of campus are inaccessible due to a lack of accessible parking and paths of travel.  However, Defendant will not relocate classes if they are offered at different locations, or if the nature of the programs would be fundamentally changed by the relocation.  Does this mean that specialized classes such as the drama, music, art, and sciences classes with special classrooms and equipment will not be relocated to accessible facilities?  (Garber Dec. Attach. A, p.14);

5.  Students must identify and seek barrier removal if they encounter inaccessible paths of travel.  However, Plaintiff has asked for curb cuts and accessible ramps for the last three years without success. (Garber Dec. Attach. A, p.14); and

6.  Students using wheelchairs must seek special accommodation to access any classes in the art, drama and music building because there are no accessible paths of travel to the upper campus and only one accessible parking space that is useable for these classes. There is also only one van with one wheelchair space available to transport students to the upper level of campus, and no transportation available for other inaccessible portions of the campus.  (Garber Dec. Attach. A, p.16).

As its sole authority for its argument that college students must seek special accommodations if they encounter barriers at the college, Defendant cites several non-binding opinions issued by the Office of Civil Rights, and ignores the case law cited by the Court in its Order for Summary Judgment that contradicts

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

p/pierce/replytodefoppformotforinjunctivereliief

Defendant's argument.[18]  Plaintiff did not file a complaint with the Office of Civil Rights, but filed a complaint under the ADA and Rehabilitation Act in federal court.  Defendant does not offer any authority for its claim that this Court, or Plaintiff, is bound by the opinions of the Office of Civil Rights.  Moreover, even if the opinions of the Office of Civil Rights had any precedential value, they are irrelevant to the claims raised in Plaintiff's complaint.  It is disingenuous for Defendant to claim that <u>college students</u> are somehow less protected under the ADA or Rehabilitation Act and must seek special accommodations for barrier removal.  All of the references cited in the opinions by the Office of Civil Rights are for students with <u>learning disabilities</u> students who require additional time for test taking, or changes in course work.  Plaintiff has a physical disability and his claims are that Pierce's programs and services are not operated in a manner that is readily accessible to physically disabled students.[19]   Defendant ignores the Court's conclusive findings that Pierce discriminated against Plaintiff in violation of the ADA and Rehabilitation Act.  The declaration by defendant's non-disclosed expert, Michael Gibbens, that seeks to challenge the Court's findings is irrelevant and cannot be raised in Defendant's Opposition.[20]

**IV.  PLAINTIFF NEEDS A MONITORED PERMANENT INJUNCTION BECAUSE MORE THAN A YEAR AFTER THE COURT'S SUMMARY JUDGMENT ORDER DEFENDANT HAS STILL NOT PREPARED A SELF-EVALUATION AND TRANSITION PLAN THAT COMPLIES WITH DOJ REGULATIONS.**

---

[18] See SJ Order 2/27/08, 26-29.

[19] The opinions cited by Defendant are for accommodations for non-structured course work, academic adjustments for students with ADHD, and coursework accommodations.

[20] For example, Michael Gibbens provides extensive testimony on the difference between new construction standards and standards for existing construction, when the Court has already found that Plaintiff's expert Peter Margen properly interpreted the standards for evaluating Title II facilities.  See SJ Order 2/27/07, 9, fn 21.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

p/pierce/replytodefoppformotforinjunctivrelief

A.      Defendant Has Not Complied With DOJ Regulations For The Preparation Of The Self-Evaluation And Transition Plan.

Plaintiff argued in his Motion for Partial Summary Judgment that Defendant had failed to prepare a self-evaluation and transition plan as required for public entities under ADA Title II.  The Court, in reviewing the deposition testimony of Pierce officials, agreed with Plaintiff that Defendant had not made any attempt to comply with the DOJ regulations to prepare the required review of its programs and facilities, and failed to prepare a detailed plan on barrier removal and modification of policies.  In refuting Defendant's argument the Court stated:

> While the project manual may identify physical obstacles that limit accessibility to college programs or activities, it does not, as described by Eisenberg, detail the methods the college will use to make facilities accessible; specify a schedule for taking the steps necessary to achieve accessibility; identify steps that will be taken during each year of the transition period; or indicate the official responsible for implementation of the plan.  Similarly, while the document concerning barrier removal may detail some of the methods the college intends to use to make facilities accessible, it does not, as described, lay out a schedule for such activities or designate an official that is responsible for implementation of the plan. Consequently, neither document can serve as the college's transition plan.[21]

In its Opposition, Defendant submits what it claims is a newly prepared self-evaluation and a transition plan, arguing that there is no need for a permanent injunction or monitoring.  Plaintiff can demonstrate to the Court that Defendant has still not complied with DOJ regulations or the Court's clear instruction in preparing the "self-evaluation" and "transition plan" it now seeks to have the Court approve.

---

[21] SJ Order 2/27/07, 22:1-9.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

p/pierce/replytodefoppformedforinjunctiverelief

First, Defendant prepared a transition plan without first conducting a self-evaluation to determine what programs, services and activities were in inaccessible facilities, and what barrier removal was necessary to provide programs and services, or by what alternate methods access would be provided in a non-discriminatory manner.[22]  Plaintiff made it very clear to Defendant that the DOJ regulations required the preparation of a self-evaluation with comment by interested persons <u>before</u> commencing preparation of its transition plan.[23]  In March, Plaintiff's counsel sent Defendant a letter outlining the DOJ requirements for a self-evaluation and transition plan; asking that Defendant provide Plaintiff with a list of the interested persons consulted; a description of areas examined and any problems identified; and a description of any modifications made.  Defendant never provided a response, and the self-evaluation submitted by Defendant does not include a list of the persons consulted, the problems identified, or a description of modifications of the discriminatory policies the Court identified in its Summary Judgment Order.

For example, Plaintiff's expert identified barriers in the library that deter wheelchair users from accessing the library shelves, inaccessible gym facilities, locked library elevator and lack of accessible desks and special equipment in classrooms.  Defendant's self-evaluation does not indicate the method disabled students are to use to retrieve books in an inaccessible library; training needed for library employees on the use of the library elevator by disabled students; how disabled students are to dress and use the gym facilities; how disabled students are to find space in crowded classrooms and seek special equipment or desks; or how to locate and reach classrooms with inaccessible paths of travel and steep

---

[22] See 28 C.F.R. Part 35, §35.105.

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**

13

p/pierce/replytodefoppforreliefforinjunctiverelief

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

ramps.  The self-evaluation prepared by Defendant purposely excluded Plaintiff's input and ignored the Court's findings.  The self-evaluation appears to be a long compilation of what access should be provided, not an indication of where this access is not being provided or how to provide this access.  There is no discussion, for example, dealing with the lack of classroom access, and what role the teachers and the school should play in providing an accessible classroom experience with accessible desks, accessible egress and ingress into classrooms, and the use of accessible equipment in specialized classes such as architecture, drama, music, art and sciences classes.   Plaintiff cannot rely on the self-evaluation to provide modification of discriminatory policies and barrier removal that will take care of his complaint, or remove the barriers identified in the Court's Summary Judgment Order.

Defendant's "transition plan" similarly lists school facilities and identifies barriers, with recommendations for corrections, but fails to provide any timeline for barrier removal.  Defendant's transition plan also fails to provide a "schedule for taking the steps necessary to achieve accessibility; identify steps that will be taken during each year of the transition period; or indicate the official responsible for implementation of the plan."[24]  The Court, like Plaintiff, has no way of verifying the work being described, or of knowing when the barrier removal called for in the transition plan will take place because Defendant has no schedule or timeline for barrier removal or for the policy modifications necessary to provide programmatic access until the barriers are finally removed.  There is also no way for the Court or Plaintiff to determine the scope of the barriers being described to ensure its completeness because the photos cited in the report are not provided and the "ID" numbers listed for each barrier have not reference to a

---

[23] See Supp. Barbosa Dec. ¶4, Ex. 1 (March 13, 2008 letter).

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**                                        14

p:pierce/replytodefopformot forinjunctivenrelief

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

specific facility.

> **B. The Court And Plaintiff Need To Monitor The Preparation Of The Self-Evaluation And The Transition Plan To Ensure That Implementation Will Be Accomplished In A Timely And Competent Manner.**

Plaintiff filed his complaint in December of 2004 complaining about the lack of curb cuts, accessible parking, accessible gym facilities and the many other barriers and discriminatory policies.  Plaintiff is still encountering the same problems he did three years ago because Defendant refuses to remove barriers or modify its discriminatory policies.[25]  For example, Plaintiff must still move his car to his architectural class in the Applied Technology Building because there are no curb cuts on the walkways; he still faces the very steep ramps surrounding the Math Building with no handrails; there are still no accessible desks and wheelchair space for disabled students in classrooms; and he must ask for transportation to reach his class in the upper portion of the campus because there are no accessible paths of travel or parking.[26]

Plaintiff requires an injunction and monitoring of Defendant's work because of Defendant's unwillingness to comply with ADA requirements.  For example, DOJ regulations require that "interested persons" be consulted, and that the name of those persons be listed and made public.  Plaintiff's counsel asked for the list of persons consulted in the preparation of Defendant's transition plan, but never received a reply.[27]  The new transition plan provided to the Court states that the document was reviewed by Pierce's "Disability Advisory Committee."

---

[24] 28 C.F.R. Pt 35, §35.105.
[25] See Supp. Huezo Dec. ¶ 2.
[26] See Supp. Huezo Dec. ¶¶ 2-3.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**                                                                15

p/pierce/replytodefoppformotforinjunctiverelief

Plaintiff has never heard of this committee, and has never seen any notice or information concerning its members or meetings.[28]  The one "interested" party that Defendant failed to consult or to provide notice of any meetings is Marvin Huezo, the one disabled student who has demonstrated his unfailing interest in making Pierce readily accessible to disabled students.[29]  There is no information on when this committee was formed, who makes up this advisory committee, or what notice was given to the disability community before the committee members were chosen.  It is evident that Defendant sought to exclude Plaintiff from having any input in the self-evaluation and transition plan.  Plaintiff must have a permanent injunction and a monitoring system to ensure that Defendant will actually comply with the clear requirements of notice and community input, and complete the corrective work necessary to provide accessible programs and services at Pierce.

C. Without An Enforceable Order Defendant Will End Up Paying Much More In Attorney Fees and Expert Fees Because It Has Shown It Is Incompetent To Comply With Its Obligations Under The ADA and Rehabilitation Act Without Court Monitoring.

Plaintiff filed his complaint to make Pierce College readily accessible to both himself and other disabled students.  He is not willing to simply leave now that he is being partially accommodated.  Defendant claims to have removed many barriers, but Plaintiff has not verified these corrections and cannot take Defendant's word that the work was done properly.  Without a permanent injunction and Court monitoring, Plaintiff will be forced to hire an expert,

---

[27] See Supp. Barbosa Dec. ¶ 4, Ex. 1.
[28] See Supp. Huezo Dec. ¶¶ 2-3.
[29] See Supp. Huezo Dec. ¶¶ 2-3.

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**                16

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

p:\pierce\replytodefoppformotforinjunctiverelief

evaluate the work done, and then seek an enforcement order, or file a new complaint for new violations.

What is clear from Defendant's conduct during this litigation is that it does not understand the importance of ending discrimination against persons with disabilities at Pierce College, and will only act when faced with Court action. Defendant will end up wasting money on legal fees and additional damages it if is allowed to follow its own course in implementing its transition plan and modifying its policies as it sees fit.  A permanent injunction and Court monitoring are essential because Defendant cannot do the work without these fail-safe orders.

## V.   PLAINTIFF HAS NOT SETTLED THE INJUNCTIVE RELIEF WITH DEFENDANT AND REQUIRES AN ENFORCEABLE ORDER DIRECTING PIERCE TO REMOVE INTERIM BARRIERS AND PREPARE A COMPLIANT SELF-EVALUATION AND TRANSITION PLAN.

Defendant has not agreed to settle Plaintiff's claims for injunctive relief, and Plaintiff's many attempts to obtain an enforceable agreement for barrier removal have been largely ignored.  Defendant's Opposition makes clear that it still refuses Plaintiff's request to modify its discriminatory policies and that it has no intention of removing interim barriers that the Court found deterred disabled students from fully participating in Pierce's programs and services.

Even now, when Defendant has prepared a self-evaluation and transition plan, it has not committed to any time frame for the planned renovations, and has not agreed to remove interim barriers the Court found discriminatory concerning inaccessible paths of travel, lack of curb cuts, inaccessible parking, and classroom modifications, including installing accessible desks and equipment.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion For Permanent Injunctive Relief:Case No. CV04-9772 MMM(JWJ)**                                                          17

p/pierce/replytodefoppforeninjunctivereliief

1   There is no settlement agreement between the parties, and Plaintiff is no

2   longer willing to compromise and wait for Defendant to decide what barriers it

3   will remove and when.  It is clear that the discriminatory policies that the Court

4   found deterred students from full and equal participation will not be modified,

5   because Defendant does not understand what it means to operate its programs

6   and services in a manner that is readily accessible to persons with physical

7   disabilities.  Plaintiff requests that the Court order Defendant to remove the

8   interim barriers identified by Plaintiff and make the modification of policies and

9   procedures requested without further delay.  Simply put, Defendant has shown it

10  is not competent to undertake this important work without an enforceable order

11  and systematic monitoring by this Court to ensure that disabled students will no

12  longer face discrimination at Pierce College.

13

14

15  **VI.    CONCLUSION**

16      Defendant continues to deny that there is any discrimination against

17  disabled students at Pierce because of barriers or policies, cynically noting that

18  Plaintiff actually "accessed" every classroom.   This statement demonstrates how

19  little Defendant understands about the goal of the ADA to make its programs and

20  services readily accessible to persons with disabilities.  As the Congressional

21  hearings for the ADA make clear, "readily accessible" refers to a general *high*

22  *degree of convenience for disabled persons* in accessing public facilities:

23

24      "Readily accessible to and usable by" is a higher standard [than
        readily achievable], and has been used in a number of previous laws
25      requiring accessibility [The Architectural Barriers Act of 1968; The
        Fair Housing Act and The Rehabilitation Act of 1973]. **It is**
26      **intended to enable persons with disabilities to get to, enter and**
        **use a facility.** Although it does not mean total accessibility in every
27      part of every area of a facility, **it does mean a high degree of**

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion**                18
**For Permanent Injunctive Relief:Case No. CV04-9772**
**MMM(JWJ)**

p/pierce/replytodefoppforpermforinjunctivereief

**convenient accessibility: for example, accessible routes to and throughout a facility, accessible entrances to buildings and spaces**, usable bathrooms, water fountains and other features.[30]

Plaintiff wants to get to, enter and use Pierce's facilities with the same high degree of convenience that is offered to able-bodied students. Defendant has and continues to refuse this request. The Court now has the opportunity to order Defendant to operate one of its nine college campuses in a manner that is readily accessible to and usable by persons with physical disabilities. Plaintiff requests that the Court order Defendant to undertake the work that is at least 15 years overdue, and grant a permanent injunction with Court monitoring to ensure the work is done in a timely and competent manner.


Dated: May 29, 2008                         Respectfully Submitted,

                                            PAUL L. REIN
                                            PATRICIA BARBOSA
                                            JULIE OSTIL
                                            ANN WINTERMAN
                                            LAW OFFICES OF PAUL L. REIN

                                            JORDON METZ
                                            GOODMAN & METZ



                                            _____
                                            Attorneys for Plaintiff
                                            MARVIN HUEZO

---

[30] H.R. 101-485(III), 1990 U.S.C.C.A.N. 445 at 483 (1990), emphasis added. See also H.R. 101-485(IV), 1990 U.S.C.S.A.N 512, 533. See also H.R. 101-485(III), 1990 U.S.C.C.A.N 445 at 475.

p/pierce/replytodefoppformotforinjunctivreelief