UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HUEZO<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LOS ANGELES COMMUNITY COLLEGE DISTRICT (Re: Los Angeles Pierce College); DOES 1 through 20, Inclusive,<br><br>　　　　Defendant. | CASE NO. CV 04-09772 MMM (JWJx)<br><br>PERMANENT INJUNCTION |

On December 1, 2004, Marvin Huezo filed this action against the Los Angeles Community College District ("the District") and certain unnamed defendants. Huezo requires the use of a wheelchair or other mobility devices to attend classes and gain access to public facilities at Pierce College, a state community college located in the San Fernando Valley. Huezo alleged that defendants failed to make the educational facilities accessible to mobility-impaired persons and failed to provide "programs, services and activities" in a nondiscriminatory manner to persons with mobility disabilities. On August 16, 2005, after the court granted the District's motion to dismiss his initial complaint, Huezo filed a first amended complaint, alleging two claims under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

On December 18, 2006, Huezo moved for partial summary judgment. He argued that the

undisputed facts showed he was entitled to judgment as a matter of law on his claim that the District discriminated against him by reason of his disability, leaving only his request for compensatory damages to be adjudicated at a subsequent stage of these proceedings. On February 27, 2007, the court granted Huezo's motion, finding that there were no triable issues of fact, and that as a matter of law, the District had violated the ADA and § 504 of the Rehabilitation Act by excluding Huezo from participation in and denying him the benefits of its services, programs, and activities, or otherwise discriminating against him on the basis of his disability. The court also determined that the District had failed to operate its educational programs, services, and activities at Pierce College in a manner that was "readily accessible to and usable by" students with mobility impairments commencing in the Fall semester of 2003 and continuing to the date of the court's order.

Following entry of the order granting Huezo's motion for partial summary judgment, the court referred the parties to Magistrate Judge Jeffrey Johnson for a settlement conference on April 27, 2007. With Judge Johnson's assistance, the parties reached an agreement on Huezo's claims for damages and attorney's fees; they also undertook to work together to resolve injunctive relief issues. Huezo represents that the District advised him it had a renovation of the Pierce campus planned, and that barriers to access would be removed as part of the renovation. Huezo's counsel agreed to work with the District to coordinate barrier removal and modify school policies.

On May 9, 2008, Huezo filed a motion for permanent injunctive relief, requesting that the court enjoin the District to comply with Title II of the ADA. Huezo contended that, despite more than a year of negotiation, the District had not given him definitive information regarding the scope or timing of the planned renovations. He further asserted that it had not responded to his demand for injunctive relief to complete the settlement. Huezo maintained that he continued to encounter multiple barriers on a daily basis at the Pierce campus, and therefore had no option but to seek an order requiring the District to remove barriers and change discriminatory policies.

After finding that Huezo had shown actual success on the merits of his claim and the inadequacy of his remedies at law, the court issued a tentative order granting the motion for permanent injunction. The court directed the parties to submit a proposed permanent injunction. This order incorporates the proposed injunction submitted by Huezo on July 30, 2008.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the court adopts as the findings of fact and conclusions of law supporting its entry of a permanent injunction its order granting plaintiff's motion for a permanent injunction dated September 9, 2008. A copy of the September 9, 2008 order is attached hereto as Exhibit "A," and incorporated herein as though fully set forth.

# PERMANENT INJUNCTION

In accordance with the court's findings of fact and conclusions of law, IT IS HEREBY ORDERED that defendant Los Angeles Community College District is permanently enjoined to provide accessible desks, workstations, and other special equipment available to able-bodied students, in all classrooms in use during a given semester, with "ISA" priority signage. The desks and workstations must be fixed to the floor, or otherwise installed so that they will not be inadvertently removed by students or teachers. The accessible desks and workstations must be placed with the other student desks or workstations, must provide required wheelchair seating space, and be located near an accessible ingress and egress. This new procedure will commence within 30 days of the date of this order.

IT IS FURTHER ORDERED that the District hire an access expert approved by plaintiff (whose approval will not be unreasonably withheld), which expert will be responsible for overseeing the placement of the accessible desks, workstations, or accessible equipment or furniture in all classrooms in use during a given semester.

IT IS FURTHER ORDERED that the District immediately cease charging disabled students for accommodations to overcome barriers at Pierce College, including any charges for the use of parking permits for faculty parking and keys to the library elevator.

IT IS FURTHER ORDERED that the District establish a regularly scheduled wheelchair accessible shuttle that will take disabled students to all portions of the campus that do not have accessible paths of travel as identified by plaintiff's expert, Peter Margen, in his declaration and report submitted in support of plaintiff's motion for partial summary judgment, including the upper portion of the campus, the agricultural and equestrian facilities, the applied technology buildings,

and the parking lots on campus. The accessible shuttle must have regularly scheduled, marked stops and be in regular use during the day and for evening classes. The District may not require that disabled students make advanced appointments or sign-up with the DSPS office to be allowed to use this service. The location of the shuttle stops, and the schedule for the shuttle service are to be developed by the District's new access expert and the shuttle is to commence operations within 30 days of the date of this order.

IT IS FURTHER ORDERED that the District publicize the modification of policies and accommodations available as a result of the permanent injunction in written materials provided to disabled students at all student orientations. The Special Services Student Handbook must be revised to include these changes, and the Pierce campus website and the District's main website must also provide information regarding the services available to disabled students.

IT IS FURTHER ORDERED that the District remove those physical barriers identified in "Plaintiff's Demand for Barrier Removal" submitted to the court as an attachment to the declaration of Patricia Barbosa in support of plaintiff's motion for permanent injunction. The access expert hired by the District is to oversee the removal of these identified physical barriers. Any identified barriers that the District contends have already been removed, or need not be removed because unrelated campus renovations provide access must be reviewed by the access expert for compliance with relevant building codes; the expert must report his/her finding in a status report to plaintiff.

IT IS FURTHER ORDERED that the interim barriers on the list submitted by plaintiff for removal are to be removed no later than December 31, 2008, with the following exception: In the event that any of the physical barriers require plan checking and approval by the Division of the State Architect ("DSA"), the District will submit plans to DSA for review no later than November 15, 2008, and will complete the work on the interim barriers within 90 days of receiving approval from DSA. The access expert must oversee the submission of plans to DSA and include notice of any delays or problems in obtaining DSA approval in his/her status reports.

IT IS FURTHER ORDERED that the access expert monitor and oversee the progress of corrective work and implementation of modified policies at Pierce College. The access expert must submit status reports to the parties every three months following the issuance of this injunction until

such time as the renovation work is complete. The status reports must identify the work completed, its compliance with applicable building codes, and the work that remains to be completed. In the event that unforeseen delays in DSA approval or other difficulties not within the control of the District prevent the District from meeting the deadlines set forth in this order, the access expert must notify Plaintiff's counsel in writing within 30 days of discovering the delay, stating the reason for the delays, and the steps the District intends to take to complete the work, with the new anticipated completion date. If plaintiff challenges the new anticipated date for completion of any barrier removal, the parties shall meet in good faith to resolve the issue within 30 days of the District's written notice to plaintiff's counsel. If no resolution is reached between the parties, either party may file a motion that complies with the Local Rules and seeks resolution of the issue by the court.

IT IS FURTHER ORDERED that this permanent injunction is effective immediately.

DATED: September 9, 2008

                                    MARGARET M. MORROW
                                UNITED STATES DISTRICT JUDGE